ACCEPTED
15-24-00071-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/5/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

# Wolfgang P. Hirczy de Miño, PhD

wphdmphd@gmail.com

═══════════

Amicus Curiae Comment
On Intervening Supreme Court Decision

═══════════

May 3, 2025        *Via Texas eFile & eServe*

Re: Tex. Sup. Ct. Case No. 23-0842
Opinion Cite: *PDT Holdings, Inc. v. City of Dallas*, No. 23-0842 (Tex. May 2, 2025)
Re: Tex. App. Case No. 15-24-00071-CV
Case Style: Texas A&M University v. Erin A. Snider, PhD (pending)

## Estoppel as to Government Actors as Parties & Litigators

Issue in the SCOTX:

> Whether trial court abused its discretion in estopping the City of Dallas
> from enforcing a height-related ordinance against the builder of a
> noncompliant structure where the City had issued a permit for the
> faulty project.

Issue in the 15th COA:

> Whether a state employer is entitled to sovereign immunity from
> FMLA family-care claims for the care of an unborn child [where the
> State is on record for the protection of the unborn and the current
> Attorney General has pursued and vindicated the State's pro-life
> stance in numerous state and federal lawsuits].

Dear Messrs. Prine and Hawthorne:

    I wholeheartedly agree with the Supreme Court's holding that the City of
Dallas is properly held estopped based on its own prior conduct, i.e. its position and

approval on the project at issue in *PDT Holdings, Inc. v. City of Dallas*, No. 23-0842, 2025 WL ___ (Tex. May 2, 2025).

The same reasoning should be applied to Attorney General Ken Paxton when he acts on behalf of the State. While the State itself may be immune as an entity, and while such immunity may extend to state universities and the Office of Attorney General (OAG) as institutions, it is Attorney General Ken Paxton, **the flesh-and-blood office holder**, who formulates and articulates positions on behalf of the State of Texas, makes executive decisions as to whether, when, and where to sue and how to defend a lawsuit against a state or a state entity, including a state university.

The Republican primary electorate chose Ken Paxton over Eva Guzman and a majority of the statewide electorate that bothered to show up in the November general election cast their vote for Ken Paxton. General Paxton accordingly represents the choice of the people of Texas as the state's Chief Lawyer and his stances are therefore the ones that have at least the implicit support of the people of Texas.

General Paxton has long been a staunch advocate for the protection of the unborn, and that is no doubt part of the reason why he was reelected notwithstanding a number of widely publicized legal and ethics troubles. Unlike judicial candidates for office, General Paxton sought re-election to an executive position and was not constrained from taking policy positions during the campaign. Unlike judges, who only speak through opinions and orders, Ken Paxton liberally and profusely issues press releases on his take on the controversies of the day, and the disseminate information on his actions as the State's chief lawyer. Unlike judges, AG Paxton is not only allowed to act in a partisan manner, he is expected to act in accord with this pre-existing and well-known political and normative commitments. That includes, most notably, his stance on protection of human beings prior to birth.

Further, the Office Attorney General (OAG) predates the officer holder (Ken Paxton), and the office holder may change in the future.[1] Because **the incumbent**

---

[1] Appellant's counsel focuses on the OAG, rather than Ken Paxton. In the view of this commentator that is wrong because an entity is an abstraction that can act only through human beings who are typically referred to as agents. The term agent, however, is not appropriate in

**office holder**, not the institution as an abstract entity, determines the methods and aims the State offensively and defensively deploys and pursues in litigation, **estoppel should apply to that office holder** with respect to the *pro-life* agenda, but should *not* apply to positions taken by his predecessor, unless those positions coincide. Nor should such estoppel constrain an eventual successor in office.

In the *Snider* case now before this Fifteenth Court of Appeals the state university could have settled the underlying employment law claim; nor was such settlement precluded after the commencement of the litigation. Once Ken Paxton took over the representation of the state university, however, he was in control of what legal arguments were going to be advanced, and he and his assistant AGs should not be permitted to abandon his and the State's well-established *pro life* stance opportunistically merely to obtain a litigation advantage in a particular case of low salience.[2]

Attorney General Ken Paxton should be estopped from espousing and pushing on behalf of the State of Texas and its state university a position contrary to that he articulated on behalf of the State on other litigation, namely, that an unborn child is not a person, that the baby is not a member of the family, and that its mother is not caring for her merely because she has not yet given birth.

If Ken Paxton, for whatever reason, cannot or will not act consistently with the mandate he has been given by the majority of Texans who elected him, he should withdraw from his role as attorney of record for the defendant university and should instruct the board of regents to hire a private-sector lawyer for this case. The regents may then consider whether they ought to defy the State's pronatalist stance as expressed in recent legislature enactments, and whether to instruct the retained private attorney to proceed contrary to Texas public policy.

Finally, I would point out that the Texas Supreme Court has upheld those legislative enactments against constitutional challenge,[3] so the Texas judiciary is on

---

reference to chief executive that is elected by the people of Texas. At best, he is an agent of the people. As for the OAG, he is in charge.

[2] *Cf.* Appellant's Reply Brief, p. 15 ("Appellant's Argument Directly Contradicts Previous Positions Taken by the State of Texas Regarding the Personhood of an Unborn Child.").

[3] *State v. Zurawski*, 690 S.W.3d 644 (Tex. 2024).

board with the pro-natalist policy adopted by the State through its Legislature was well.

Date: May 3, 2025

Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Miño*

_____

<u>Wolfgang P. Hirczy de Mino, Ph.D</u>.[4]
Email: <u>wphdmphd@gmail.com</u>
Political Scientist, not Attorney at Law

Amicus Curiae

## **AMICUS STATEMENT AND CERTIFICATE OF SERVICE**

Amicus Curiae Wolfgang P. Hirczy de Mino, PhD, is a political scientist by academic training, not an attorney acting in a representational capacity, and hereby certifies that he has authored this friend-of-the-court letter solely upon his own initiative and is not being paid by any party or nonparty for doing so. Nor has any compensation been promised for submitting this amicus curiae contribution in the public interest. Tex. R. App. P. 11.

All parties/attorneys appearing in this case are being e-served contemporaneously through the Texas e-filing system this Saturday, May 3, 2025.

/s/ *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

---

[4] SSRN Author page at: <u>https://papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=2845050</u>

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 100408061
Filing Code Description: Other Document
Filing Description: Amicus Letter Brief on Intervening SCOTX Decision on Estoppel
Status as of 5/5/2025 7:22 AM CST

Associated Case Party: Texas A & M University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Brianna Krominga | | brianna.krominga@oag.texas.gov | 5/3/2025 1:52:25 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 5/3/2025 1:52:25 PM | SENT |

Associated Case Party: Erin  Snider

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Billy SHart | | billy.hart@westwebblaw.com | 5/3/2025 1:52:25 PM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 5/3/2025 1:52:25 PM | SENT |
| Melissa Koelsch | | melissa.koelsch@westwebb.law | 5/3/2025 1:52:25 PM | SENT |
| Gaines West | | gaines.west@westwebb.law | 5/3/2025 1:52:25 PM | SENT |
| William Geist | | cole.geist@westwebblaw.com | 5/3/2025 1:52:25 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 5/3/2025 1:52:25 PM | SENT |